UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WADE S. PARKER,

                Plaintiff,                Case No. 2:09-cv-212

v.                                                  Honorable Robert Holmes Bell

BRENT LABADIE et al.,

                Defendants.

_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Unknown Pelletrim, Unknown Blair, Gregory Schultz, S. Farley, Barry Davis, Stephen Marschke, Unknown Armstrong, William Smith. The Court will serve the complaint against Defendant Brent Labadie for sexual harassment, assault and denial of medical care and against Defendant Unknown Zellar for denial of medical care.

**Discussion**

    I.       Factual allegations

Plaintiff currently is incarcerated at Saginaw Correctional Facility (SRF), but the events underlying his complaint occurred at Newberry Correctional Facility (NCF). In his *pro se* complaint, he sues the following NCF employees: Correctional Officers (COs) Brent Labadie and unknown Zellar, nurse unknown Pelletrim, counselor unknown Blair, Inspector Gregory Schultz, grievance coordinator S. Farley, and Warden Barry Davis. He also sues Internal Affair Division Manager Stephen Marschke, grievance administrator unknown Armstrong and Michigan State Police Detective Sergeant William Smith.

Plaintiff alleges that he was verbally sexually harassed by Defendant Labadie. He also alleges that Defendant Labadie physically assaulted him by pulling a chair out from under Plaintiff causing him to fall to the ground and injure his lower back and his arm. Plaintiff raises five claims in his complaint: (1) sexual harassment; (2) assault and battery; (3) conspiracy to cover up assault; (4) denial of medical care; and (5) denial of an effective grievance procedure.

    II.      Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough

facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Claims 1 and 2: Sexual Harassment and Assault

Plaintiff alleges that in May of 2008 Defendant Labadie began to sexually harass him by making degrading, demeaning and derogatory sexual comments. He implied that Plaintiff was homosexual and called him a "black troll fag" or "bitch." (Compl. at 7.)

On July 3, Labadie ransacked Plaintiff's bunk area while Plaintiff was at a meal. Around 7:00 p.m. that night, Defendant Labadie came into "Cube A" and verbally harassed Plaintiff. (Compl. at 9.) Labadie then went to Plaintiff's locker and stated that Plaintiff's lock would not open.

Plaintiff stood up from the chair where he had been sitting to remove the lock and then sat back down. However, Defendant Labadie pulled the chair from underneath Plaintiff causing Plaintiff to land on the floor. Plaintiff states that it caused severe pain and injury to his back, tail-bone, buttocks, hip and groin area. He also sustained an abrasion on his left shoulder where his arm struck the bed-pole. After the incident, Defendant Labadie laughed and walked away.

On July 8, 2008, Plaintiff filed a grievance regarding Defendant Labadie's sexual harassment. On July 14, he was interviewed by Defendant Schultz regarding the grievance and was told that Schultz was going to investigate the grievance.

Plaintiff's allegations are sufficient to state a claim against Defendant Labadie for violating his Eighth Amendment rights.

### B. Claim 3: Conspiracy to Cover Up Assault

Plaintiff alleges that Defendants Blair, Smith, Schultz, Marschke, and Davis conspired to cover up the assault that occurred on July 3, 2008. Plaintiff alleges that Defendant Labadie made threats against Plaintiff if he did not lie about the cause of his injuries. He claims that Defendants Labadie and Zellar insisted he lie on the health care request form and write that he tripped over the chair and fell.

On July 8, Plaintiff wrote a grievance for staff corruption regarding Labadie's threats. He was interviewed the next day by Defendant Blair, and he alleges that Blair told Plaintiff that he should "leave it alone." (Compl. at 11.) On July 21, Plaintiff met with Defendants Smith and Schultz. Defendant Smith suggested that Plaintiff allow the prison to handle the assault. Defendant Schultz said that he could transfer Plaintiff to a prison of Plaintiff's choice within two weeks if

criminal charges were not filed against Labadie. On August 13, Plaintiff told Schultz that he wanted to pursue criminal charges against Labadie.

In September and October, Plaintiff wrote Defendants Marschke, Davis and Schultz requesting that he be contacted so that he can file criminal charges against Labadie with the Michigan State Police. On October 17, Plaintiff received a letter from Defendant Davis denying Plaintiff's request to contact the Michigan State Police in order to file a complaint.

To state a claim for conspiracy, a plaintiff must plead with particularity, as vague and conclusory allegations unsupported by material facts are insufficient. *Twombly*, 550 U.S. at 565 (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one); *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008); *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987); *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985); *Pukyrys v. Olson*, No. 95-1778, 1996 WL 636140 at *1 (6th Cir. Oct. 30, 1996). A plaintiff's allegations must show (1) the existence or execution of the claimed conspiracy, (2) overt acts relating to the promotion of the conspiracy, (3) a link between the alleged conspirators, and (4) an agreement by the conspirators to commit an act depriving plaintiff of a federal right. *Lepley v. Dresser*, 681 F.Supp. 418, 422 (W.D. Mich. 1988). "[V]ague allegations of a wide-ranging conspiracy are wholly conclusory and are, therefore, insufficient to state a claim." *Hartsfield v. Mayer*, No. 95-1411, 1196 WL 43541, at *3 (6th Cir. Feb. 1, 1996). A simple allegation that defendants conspired to cover up wrongful actions is too conclusory and too speculative to state a claim of conspiracy. *Birrell v. State of Mich.*, No. 94-2456, 1995 WL 355662, at *2 (6th Cir. June 13, 1995). Plaintiff's allegations of conspiracy

are vague, conclusory and speculative. Therefore, he fails to state a claim for conspiracy against Defendants Blair, Smith, Schultz, Marschke, and Davis.

### C. Claim 4: Denial of Medical Care

Plaintiff alleges that Defendant Labadie denied him medical care after pulling a chair out from under him and forcing him to lie on the health care request form to receive medical care. Defendant Zellar returned to the unit about thirty minutes later and Plaintiff told him about the incident and asked for a health care request. Defendant Zellar told Plaintiff that they did not have any forms, but that Zellar would call health care. Defendant Zellar later told Plaintiff that he did not call health care.

Plaintiff eventually agreed to lie on the incident report and say that he fell on the floor so that he could receive medical treatment. About two hours later, Defendant Labadie escorted Plaintiff to health care. Defendant Nurse Pelletrim examined Plaintiff, determined that he had bruised his lower torso and back and had an abrasion on his left arm. Defendant Pelletrim gave Plaintiff two Motrin for the pain and a medical detail for ice.

Plaintiff alleges that he is still suffering from pains and injuries sustained in the assault on July 3, 2008.

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately

indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer*, 62 F.3d at 154-55; *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Perez v. Oakland County*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998).

Plaintiff's allegations against Defendant Pelletrim fail to satisfy the subjective component. Defendant Pelletrim provided medical care to Plaintiff when he was brought to health care. Plaintiff does not allege that she delayed providing him care or even that he disagreed with the treatment she provided. Therefore, he cannot show that she was deliberately indifferent to Plaintiff and he fails to state a claim against Defendant Pelletrim for violations of the Eighth Amendment.

However, Plaintiff's allegations against Defendants Labadie and Zellar are sufficient to state a claim for violations of the Eighth Amendment.

### D. Claim 5: Denial of Effective Grievance Procedure

On July 8, 2008, Plaintiff filed three grievances against Defendant Labadie. Plaintiff alleges that on the next day, Defendant Blair interfered with the grievances by confronting Plaintiff and telling him that he should "just leave it alone." (Compl. at 15.) In August, Plaintiff asked Defendant Schultz for copies of witness statements and he never received a response. He wrote letters to Defendants Farley and Marschke requesting additional information, but they did not respond. Plaintiff received two Step I responses that denied his grievances. He appealed to Step II and Step III. He received a Step II response from Defendant Davis and a Step III response from Defendant Armstrong that denied his grievances for lack of support.

Plaintiff has no due process right to file a prison grievance. The Sixth Circuit and other circuit courts have held that there is no constitutionally protected due process right to an effective prison grievance procedure. *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Young v. Gundy,* 30 F. App'x 568, 569-70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Michigan law does not

create a liberty interest in the grievance procedure. *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Because Plaintiff has no liberty interest in the grievance process, Defendants Blair, Schultz, Davis, Armstrong, and Farley's conduct did not deprive him of due process.

Moreover, it is clear that Plaintiff was able to use the grievance process. He simply disagreed with Defendants' reasons for rejecting his grievances, which states no claim of constitutional dimension. *See Lyle v. Stahl*, No. 97-2007, 1998 WL 476189, at*1 (6th Cir. Aug. 3, 1998) (prisoner's allegation that grievance was improperly rejected does not present a deprivation of any federal right, as there is no inherent constitutional right to an effective prison grievance procedure). Even if Defendants' rejection of his grievances was erroneous, Plaintiff has no basis for a claim of constitutional dimension. Accordingly, the court finds that Plaintiff fails to state a claim against Defendants Blair, Schultz, Davis, Armstrong or Farley.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Unknown Pelletrim, Unknown Blair, Gregory Schultz, S. Farley, Barry Davis, Stephen Marschke, Unknown Armstrong, and William Smith will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendant Brent Labadie for sexual harassment, assault and denial of medical care and against Defendant Unknown Zellar for denial of medical care.

An Order consistent with this Opinion will be entered.


Dated: January 6, 2010                    /s/ Robert Holmes Bell
                                          ROBERT HOLMES BELL
                                          UNITED STATES DISTRICT JUDGE